1  BORNSTEIN & BORNSTEIN
   Jonathan Herschel Bornstein (SBN 163392)
2  2590 Geary Boulevard
3  San Francisco, CA 94115-3318
   Telephone:  (415) 409-7611
4  Facsimile:  (415) 409-9345
5
   SCHIFFRIN & BARROWAY, LLP
6  Eric Zagar
7  280 King of Prussia Road
   Radnor, PA 19087
8  Telephone:  (610) 667-7706
   Facsimile:  (610) 667-7056
9
10 Attorneys for Plaintiff

11                    UNITED STATES DISTRICT COURT
12
                     NORTHERN DISTRICT OF CALIFORNIA
13

14                                          **C 06 2811**

15 KIMBERLY QUACO, Derivatively on Behalf of )   Case Number: _____
   Nominal Defendant POWER INTEGRATIONS,)
16 INC.,                                    )   **SHAREHOLDER DERIVATIVE**
                                            )   **COMPLAINT FOR BREACHES OF**
17              Plaintiffs,                 )   **FIDUCIARY DUTIES AND UNJUST**
18                                          )   **ENRICHMENT.**
                                            )
19         vs.                              )
                                            )
20 BALU BALAKRISHNAN, ALAN D. BICKELL,)
   R. SCOTT BROWN, HOWARD F. EARHART,)
21 E. FLOYD KVAMME, and CLIFFORD J.)
22 WALKER,                                  )
                                            )
23              Defendants,                 )
24                                          )
           and                              )
25                                          )   **JURY TRIAL DEMANDED**
26 POWER INTEGRATIONS, INC.,                )
                                            )
27              Nominal Defendant.          )
28 _____)

29

-1-

Shareholder Derivative Complaint for Breaches of Fiduciary Duties and Unjust Enrichment

Plaintiff, by her attorneys, submits this Derivative Complaint (the "Complaint") against the defendants named herein.

## NATURE OF THE ACTION

1. This is a shareholder's derivative action brought for the benefit of nominal defendant Power Integrations, Inc. ("PI" or the "Company") against certain members of its Board of Directors (the "Board") and certain of its executive officers seeking to remedy defendants' breaches of fiduciary duties and unjust enrichment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) in that Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs. This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

3. Venue is proper in this district because a substantial portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein, occurred in this district. One or more of the defendants either resides in or maintains executive offices in this district, and defendants have received substantial compensation in this district by engaging in numerous activities and conducting business here, which had an effect in this district.

## PARTIES

4. Plaintiff Kimberly Quaco, a citizen of the State of Colorado, is, and was at all relevant times, a shareholder of nominal defendant PI.

5. Nominal defendant PI is a Delaware corporation with its principal executive offices located at 5245 Hellyer Avenue, San Jose, California 95138. According to its public filings, PI designs, develops, manufactures and markets proprietary, high-voltage, analog integrated circuits.

6. Defendant Howard F. Earhart ("Earhart") has served as a director of PI since 1995 and currently serves as Chairman of the Board. Earhart previously served as President and Chief Executive Officer of the Company from January 1995 to January 2002. Upon information and belief, Earhart is a citizen of the State of California.

7. Defendant Balu Balakrishnan ("Balakrishnan") has served as a director of PI and as President and Chief Executive Officer of PI since January 2002. From 1994 to 2002 Balakrishnan served in various executive positions with the Company, including Vice President of Engineering and Marketing. Upon information and belief, Balakrishnan is a citizen of the State of California.

8. Defendant Clifford J. Walker ("Walker") has served as PI's Vice President of Corporate Development at all times relevant hereto. Upon information and belief, Walker is a citizen of the State of California.

9. Collectively, defendants Earhart, Balakrishnan, and Walker are referred to herein as the "Officer Defendants."

10. Defendant E. Floyd Kvamme ("Kvamme") has served as a director of PI since 1989. Kvamme has served as a member of both the Compensation and Equity Award Committee (previously known as the Compensation Committee) of the Board (the "Compensation Committee") and the Audit Committee of the Board (the "Audit Committee") at all times relevant hereto. Upon information and belief, Kvamme is a citizen of the State of California.

11. Defendant Alan D. Bickell ("Bickell") has served as a director of PI and as a member of both the Compensation Committee and the Audit Committee since 1999. Upon information and belief, Bickell is a citizen of the State of California.

Shareholder Derivative Complaint for Breaches of Fiduciary Duties and Unjust Enrichment

12. Defendant R. Scott Brown ("Brown") has served as a director of PI and as a member of the Compensation Committee since 1999. Upon information and belief, Brown is a citizen of the State of California.

13. Collectively, defendants Kvamme, Bickell, and Brown are referred to herein as the "Committee Defendants."

14. Collectively, the Officer Defendants and Committee Defendants are referred to herein as the "Individual Defendants."

## DUTIES OF THE INDIVIDUAL DEFENDANTS

15. By reason of their positions as officers and/or directors of the Company and because of their ability to control the business and corporate affairs of the Company, the Individual Defendants owed the Company and its shareholders the fiduciary obligations of good faith, trust, loyalty, and due care, and were and are required to use their utmost ability to control and manage the Company in a fair, just, honest, and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests of the Company and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit. Each director and officer of the Company owes to the Company and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

16. The Individual Defendants, because of their positions of control and authority as directors and/or officers of the Company, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

17. To discharge their duties, the officers and directors of the Company were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company. By virtue of such duties, the officers and directors of the Company were required to, among other things:

   a. exercise good faith in ensuring that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of their business;

   b. exercise good faith in ensuring that the Company was operated in a diligent, honest and prudent manner and complied with all applicable federal and state laws, rules, regulations and requirements, including acting only within the scope of its legal authority;

   c. exercise good faith in supervising the preparation, filing and/or dissemination of financial statements, press releases, audits, reports or other information required by law, and in examining and evaluating any reports or examinations, audits, or other financial information concerning the financial condition of the Company; and

   d. exercise good faith in ensuring that the Company's financial statements were prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); and

   e. refrain from unduly benefiting themselves and other Company insiders at the expense of the Company.

18. The Individual Defendants, particularly the Officer Defendants and the members of the Audit Committee, were responsible for maintaining and establishing adequate internal accounting controls for the Company and to ensure that the Company's financial statements were based on accurate financial information. According to GAAP, to accomplish the objectives of accurately recording, processing, summarizing, and reporting financial data, a corporation must establish an internal accounting control structure. Among other things, the Individual Defendants were required to:

Shareholder Derivative Complaint for Breaches of Fiduciary Duties and Unjust Enrichment

    (1)    make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; and

    (2)    devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that –

        (a)    transactions are executed in accordance with management's general or specific authorization;

        (b)    transactions are recorded as necessary to permit preparation of financial statements in conformity with [GAAP].

19. PI's Audit Committee Charter provides that the Audit Committee shall, among other things,

    a.    Review and discuss with management and the independent auditor any certification, report, opinion or review rendered by the independent auditor, and recommend to the Board whether the audited financial statements should be included in the Company's annual report on Form 10-K;

    b.    Review with management its assessment of the effectiveness and adequacy of the Company's internal control structure and procedures for financial reporting ("Internal Controls"), review annually with the independent auditor the attestation to and report on the assessment made by management, and consider with management, the internal auditors and the independent auditor whether any changes to the Internal Controls are appropriate in light of management's assessment or the independent auditor's attestation.

## FACTUAL ALLEGATIONS

20. The Compensation Committee makes decisions concerning salaries and incentive compensation for executive officers of PI.

21. From 1998 to 2004, the Compensation Committee granted certain PI stock options to certain of the Officer Defendants, as follows:[1]

---

[1] Exercise prices and numbers of options are not adjusted for the Company's 2-for-1 stock split effective November 23, 1999.

| Officer | Purported Date of Grant | Exercise Price | Number of Options |
|---|---|---|---|
| Earhart | 7/2/98 | $8.75 | 50,000 |
| | 4/20/99 | $14.2188 | 150,000 |
| | 4/14/00 | $15.0625 | 80,000 |
| | 5/31/01 | $12.10 | 125,000 |
| Balakrishnan | 7/2/98 | $8.75 | 30,000 |
| | 4/20/99 | $14.2188 | 80,000 |
| | 4/14/00 | $15.0625 | 80,000 |
| | 5/31/01 | $12.10 | 300,000 |
| | 2/21/02 | $14.82 | 200,000 |
| | 1/8/03 | $17.75 | 300,000 |
| | 2/4/04 | $27.22 | 200,000 |
| Walker | 7/2/98 | $8.75 | 25,000 |
| | 4/20/99 | $14.2188 | 62,400 |
| | 5/31/01 | $12.10 | 35,000 |
| | 2/21/02 | $14.82 | 65,000 |
| | 2/4/04 | $27.22 | 45,000 |

22.     Pursuant to the terms of the Company's stock option plans, the exercise price of options must be no less than the closing price of PI stock on the date of grant.

23.     Pursuant to APB 25, the applicable GAAP provision at the time of the foregoing stock option grants, if the exercise price of an option exceeds its market price on the date of grant, the company must recognize the difference as an expense.

24.     In a striking pattern that could not have been the result of chance, each and every one of the foregoing stock option grants was dated just before a substantial rise in PI's stock price, as demonstrated in the following chart:

| Purported Date of Grant | Exercise Price | Stock Price 10 Trading Days After Grant | % Rise in Stock Price |
|---|---|---|---|
| 7/2/98 | $8.75 | $11.06 | 26.4% |
| 4/20/99 | $14.2188 | $22.0625 | 55.2% |
| 4/14/00 | $15.0625 | $25.875 | 71.8% |

| | | | |
|---|---|---|---|
| 5/31/01 | $12.10 | $13.02 | 7.6% |
| 2/21/02 | $14.82 | $18.66 | 25.9% |
| 1/8/03 | $17.75 | $18.37 | 3.5% |
| 2/4/04 | $27.22 | $29.00 | 6.5% |

25. The reason for the extraordinary pattern set forth in the preceding paragraph is that the purported grant dates set forth therein were not the actual dates on which the stock option grants were made. Rather, at the behest of the Officer Defendants, the Committee Defendants improperly backdated the stock option grants to make it appear as though the grants were made on dates when the market price of PI stock was lower than the market price on the actual grant dates. This improper backdating, which violated the terms of the Company's stock option plans, resulted in option grants with lower exercise prices, which improperly increased the value of the options to the Officer Defendants and improperly reduced the amounts the Officer Defendants had to pay the Company upon exercise of the options.

26. The Company, with the knowledge and approval of defendants Kvamme and Bickell, both of whom were members of the Audit Committee, violated GAAP by failing to recognize compensation expenses incurred when the improperly backdated options were granted.

27. On March 13, 2006, PI issued a press release which stated:

> Power Integrations (Nasdaq:POWI) today announced a delay in the filing of its Form 10-K for fiscal year 2005. The delay will allow for the completion of an ongoing internal investigation of company practices related to stock-option grants to officers and directors, and related matters. A special committee of the company's board of directors is conducting the review. The investigation is in its early stages and no determination has been made as to whether it will result in any impact on the company's financial statements.

### THE INDIVIDUAL DEFENDANTS' BREACHES OF FIDUCIARY DUTIES

28. The Committee Defendants' improper backdating of stock option grants was not, and could not have been, an exercise of good faith business judgment. On the contrary, these defendants' exercised no business judgment whatsoever, and merely "rubber-stamped" the Officer Defendants'

-8-

improper requests for backdated stock option grants, which were intended to, and did, unduly benefit the Officer Defendants at the expense of the Company.

29. Defendants Kvamme and Bickell further breached their fiduciary duties by knowingly approving the Company's violations of GAAP, which resulted in materially inaccurate and misleading financial statements.

30. As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has sustained millions of dollars in damages, including, but not limited to, loss of funds paid to the Company upon exercise of options, the additional compensation expenses the Company was required to incur, and costs and expenses the Company incurred in connection with its internal investigation and likely restatement of historical financial statements.

## DERIVATIVE AND DEMAND EXCUSED ALLEGATIONS

31. Plaintiff brings this action derivatively in the right and for the benefit of the Company to redress defendants' breaches of fiduciary duties and unjust enrichment.

32. Plaintiff is an owner of PI common stock and was an owner of PI common stock at all times relevant hereto.

33. Plaintiff will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights.

34. As a result of the facts set forth herein, plaintiff has not made any demand on the PI Board of Directors to institute this action against the Individual Defendants. Such demand would be a futile and useless act because the Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action.

35. The Board currently consists of nine directors: defendants Earhart, Balakrishnan, Kvamme, Bickell, and Brown, and directors Nicholas E. Brathwaite, Steven J. Sharp, Balakrishnan S.

Shareholder Derivative Complaint for Breaches of Fiduciary Duties and Unjust Enrichment

Iyer, and James Fiebiger. The following directors are incapable of independently and disinterestedly considering a demand to commence and vigorously prosecute this action:

    a.    Earhart and Balakrishnan, because they are directly interested in the improperly backdated stock option grants complained of herein;

    b.    Kvamme, Bickell, and Brown, because as members of the Compensation Committee they are substantially likely to be held liable for breaching their fiduciary duties by improperly backdating stock option grants, as alleged herein. Moreover, by rubber-stamping the Officer Defendants' improper requests to backdate the stock option grants, Kvamme, Bickell, and Brown have demonstrated that they are unable or unwilling to act independently of the Officer Defendants;

    c.    Kvamme and Bickell, because as members of the Audit Committee they are substantially likely to be held liable for breaching their fiduciary duties by knowingly approving the Company's violations of GAAP, as alleged herein.

36. Furthermore, demand is excused because the misconduct complained of herein was not, and could not have been, an exercise of good faith business judgment.

## COUNT I

### AGAINST THE INDIVIDUAL DEFENDANTS
### FOR BREACH OF FIDUCIARY DUTY

37. Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

38. As alleged in detail herein, each of the Individual Defendants had a fiduciary duty to refrain from unduly benefiting themselves and other Company insiders at the expense of the Company.

39. As alleged in detail herein, the Officer Defendants breached their fiduciary duties by improperly requesting backdated stock option grants, which were intended to, and did, unduly benefit the Officer Defendants at the expense of the Company; and the Committee Defendants breached their

Shareholder Derivative Complaint for Breaches of Fiduciary Duties and Unjust Enrichment

fiduciary duties by rubber-stamping the Officer Defendants' improper requests and improperly backdating the stock option grants, as alleged herein.

40.  Defendants Kvamme and Bickell, as members of the Audit Committee, further breached their fiduciary duties by knowingly approving the Company's violations of GAAP, as alleged herein.

41.  As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has sustained damages, as alleged herein.

## COUNT II

### AGAINST THE OFFICER DEFENDANTS FOR UNJUST ENRICHMENT

42.  Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

43.  The Officer Defendants were unjustly enriched by their receipt and retention of backdated stock option grants, as alleged herein, and it would be unconscionable to allow them to retain the benefits thereof.

44.  To remedy the Officer Defendants' unjust enrichment, the Court should order them to disgorge to the Company all of the backdated stock options they received, including the proceeds of any such options that have been exercised, sold, pledged, or otherwise monetized.

WHEREFORE, Plaintiff demands judgment as follows:

    A.    Against all of the Individual Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the Individual Defendants' breaches of fiduciary duties;

    B.    Ordering the Officer Defendants to disgorge to the Company all of the backdated stock options they received, including the proceeds of any such options that have been exercised, sold, pledged, or otherwise monetized;

Shareholder Derivative Complaint for Breaches of Fiduciary Duties and Unjust Enrichment

    C.    Granting appropriate equitable relief to remedy Defendants' breaches of fiduciary duties;

    D.    Awarding to plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

    E.    Granting such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Dated: April 25, 2006                      Respectfully submitted,

BORNSTEIN & BORNSTEIN

Jonathan Herschel Bornstein (SBN 163392)
Kathryn Quetel (SBN 167100)
2590 Geary Boulevard
San Francisco, CA 94115-3318
Telephone: (415) 409-7611
Facsimile: (415) 409-9345

SCHIFFRIN & BARROWAY, LLP
Eric L. Zagar
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiff*

-12-

Shareholder Derivative Complaint for Breaches of Fiduciary Duties and Unjust Enrichment

## VERIFICATION

I, **Kimberly Quaco** hereby verify that I have reviewed the Complaint and authorized its filing and that the foregoing is true and correct to the best of my knowledge, information and belief.

DATE: 4/24/06

KIMBERLY QUACO