UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY QUACO, Derivatively on Behalf of POWER INTEGRATIONS, INC., | |
| Plaintiff, | No. C 06-2811 MHP |
| v. | |
| BALU BALAKRISHNAN, et al., | |
| Defendants, | |
| and | |
| POWER INTEGRATIONS, INC., | |
| Nominal Defendant. | |
| KATHRYN L. CHAMPLIN, Derivatively on Behalf of POWER INTEGRATIONS, INC., | |
| Plaintiff, | No. C 06-4672 JF |
| v. | |
| BALU BALAKRISHNAN, et al., | |
| Defendants, | |
| and | |
| POWER INTEGRATIONS, INC., | |
| Nominal Defendant. | |

| | |
|---|---|
| CHRISTOPHER DEBOSKEY, Derivatively on Behalf of POWER INTEGRATIONS, INC., | No. C 06-5796 HRL |
| Plaintiff, | |
| v. | |
| BALU BALAKRISHNAN, et al., | **MEMORANDUM & ORDER** |
| Defendants, | **Motions to Consolidate and Appoint Lead Plaintiff, Lead Counsel and Liaison Counsel** |
| and | |
| POWER INTEGRATIONS, INC., | |
| Nominal Defendant. | |

Three shareholder derivative suits have been filed by shareholders of Power Integrations, Inc. ("Power Integrations") against various directors and officers of Power Integrations. The first suit was filed by plaintiff Kimberly Quaco, the second by plaintiff Kathryn Champlin, and the third by plaintiff Christopher Deboskey. The three suits have been previously coordinated before this court. All three plaintiffs have moved to consolidate the three cases and appoint lead plaintiff and lead counsel. On November 6, 2006, a hearing was held on the motions to consolidate and appoint lead plaintiff and lead counsel. At that hearing, counsel for the three plaintiffs were ordered to submit a declaration of each named plaintiff within fifteen days of the hearing, as the court had inadequate information to determine which plaintiff was most suitable to be appointed lead plaintiff. These declarations were due on November 21, 2006. In accordance with the court's ruling at the December 18, 2006 case management conference, it rules as follows.

As no declaration has been timely filed by plaintiff Deboskey, the court is left knowing next to nothing about his suitability as a plaintiff. As of November 21, 2006 no declaration was received from plaintiff Deboskey. No declaration was received from plaintiff Champlin, and on November 30, 2006, she withdrew her motion to be appointed lead plaintiff. A signed declaration was timely received from plaintiff Quaco, describing her relationship with her counsel, her holdings of Power Integrations stock, and her interest in this lawsuit.

In her declaration plaintiff Quaco admits to owning "a modest amount of Power stock": two shares. Quaco Dec. ¶ 4. This limited interest is insufficient for appointment of a lead plaintiff. However, Quaco has submitted an additional declaration of another shareholder, Geoffrey Wren, who currently owns 1,642 Power shares and has held an ownership interest in Power since 1998. Wren Dec. ¶ 4. Based on his declaration, Wren appears to be a suitable lead plaintiff. Accordingly, the court grants Quaco leave to substitute Wren as a plaintiff and simultaneously grants Quaco's motion for appointment of Wren as lead plaintiff. The court also appoints Schiffren and Barroway, who represent both Quaco and Wren, as lead counsel.

Plaintiff Quaco's motion to consolidate the three cases is GRANTED. The court GRANTS plaintiff Quaco leave to add Wren as lead plaintiff, and accordingly, and plaintiff Quaco's motion to appoint lead plaintiff and lead counsel is GRANTED IN PART. Plaintiff Deboskey's motion to consolidate is GRANTED and plaintiff Deboskey's motion to appoint lead plaintiff and lead counsel is DENIED.

IT IS SO ORDERED.

Date:   January 8, 2007

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California