UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly Quaco, Derivatively on Behalf of Nominal Defendant POWER INTEGRATIONS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>Balu Balakrishnan, et. al.,<br><br>    Defendants,<br><br>Power Integrations, Inc.,<br><br>    Nominal Defendant. | Case No. C-06-2811-MHP<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT |

The Parties to the above-captioned derivative action (the "Action") have applied pursuant to Federal Rule of Civil Procedure 23.1 for an Order to approve the proposed settlement of the Action in accordance with the Stipulation of Compromise and Settlement entered into by the Parties, dated as of January 30, 2008 (the "Stipulation"). The Court having read and considered the Stipulation and accompanying documents, and all Parties having consented to the entry of this Order,

NOW, THEREFORE, this 24th day of March, 2008, upon application of the Parties, IT IS HEREBY ORDERED as follows:

1.  Unless otherwise stated herein, all capitalized terms contained in this Order shall have the same meaning and effect as stated in the Stipulation.

2. The Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval and, therefore, merits further consideration.

3. The Court preliminarily finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Company and Current Power Stockholders.

4. The Court has scheduled a Settlement Hearing, which will be held on June 23, 2008, at 2:00 p.m., at the U.S. District Courthouse, 450 Golden Gate Avenue, Courtroom 15, San Francisco, CA 94102, to:

    a. determine whether to finally approve the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Company and Current Power Stockholders;

    b. consider an Order and Final Judgment dismissing the Actions with prejudice, with each party to bear its, his or her own costs, and release and enjoin prosecution of any and all claims to be released pursuant to the Stipulation;

    c. determine whether to approve the Fees and Expenses, to be funded by Power Integrations or its insurers; and

    d. hear other such matters as the Court may deem necessary and appropriate.

5. The Court reserves the right to adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to Current Power Stockholders.

6. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Parties to the Action and without further notice to Current Power Stockholders.

7.   The Court approves, as to form and content, the Notice of Pendency and Settlement of Derivative Action and of Settlement Hearing (the "Notice"), annexed as Exhibit 2 to Plaintiffs' Memorandum in Support of Preliminary Approval, and finds that the mailing and distribution of the Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process under the United States Constitution and any other applicable laws, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of all matters relating to the Settlement.

8.   All costs incurred in identifying and notifying Current Power Stockholders of the Settlement, including the printing, copying and mailing of the Notice, shall be paid by the Company and/or its insurance carriers.  Power shall undertake the administrative responsibility for providing notice to Current Power Stockholders.

9.   No later than ten (10) business days after the entry of this Order, Power shall cause a copy of the Notice, substantially in the form annexed as Exhibit 2 to Plaintiffs' Memorandum in Support of Preliminary Approval, to be mailed by first-class mail to all Current Power Stockholders who can be identified with reasonable effort.

10.  At least seven (7) days prior to the Settlement Hearing, the Company's Counsel shall file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of such mailing.

11.  Nominees who hold the common stock of Power on behalf of any Current Power Stockholder shall send the Notice to such beneficial owners of Power common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Notice Administrator within ten (10) days of receipt thereof, in which event the Notice Administrator shall promptly mail the Notice to such beneficial owners.

12.  All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and suspended until further Order of this Court.  Pending final determination of whether the Stipulation should be approved, Plaintiffs, the Company, and all of the Company's shareholders, and any of

them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any of the claims to be released pursuant to the Stipulation.

13. Any Person who is a Current Power Stockholder may, but is not required to, appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, or why a Judgment should not be entered thereon, or why attorneys' Fees and Expenses should not be awarded to counsel for the Plaintiffs; provided, however, that Current Power Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the attorneys' Fees and Expenses to be awarded to counsel for the Plaintiffs unless that person files and serves his, her, or its objection in accordance with the terms and conditions in the Notice.

14. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

15. If the Stipulation is not approved by the Court, is terminated, rescinded, or fails to become effective in accordance with its terms, the Action shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court, and neither the Stipulation, any provision contained in the Stipulation, any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or offered or received in evidence at any proceeding in the Actions or any other action or proceeding.

DATED: _5/1_____, 2008



_____
THE HON_____ATEL
UNITED S_____JUDGE

IT IS SO ORDERED
Judge Marilyn H. Patel

4

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
CASE NO. C-06-02811-MHP