**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kimberly Quaco, Derivatively on Behalf of Nominal Defendant POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>Balu Balakrishnan, et. al.,<br><br>Defendants,<br><br>Power Integrations, Inc.,<br><br>Nominal Defendant. | Case No. C-06-2811-MHP<br><br>[PROPOSED] ORDER AND FINAL JUDGMENT |

Plaintiffs, on behalf of themselves and the shareholders of Power Integrations, Inc. ("Power Integrations"), Nominal Defendant Power Integrations, and the Individual Defendants (together with Power Integrations, the "Defendants"), and together with the Plaintiffs, having filed a motion for final approval of the Stipulation of Compromise and Settlement (the "Stipulation") and the settlement contained therein (the "Settlement") entered into by the Parties on January 30, 2008 annd incorporated herein by reference; said motion having come on for hearing before the above-entitled Court; the Court having reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against said motion; the Court being fully advised of the premises and good cause appearing therefor, the Court enters this Order and Final Judgment and, subject to final determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, finds and orders as follows:

1. Unless otherwise stated herein, all capitalized terms contained in this Order and Final Judgment shall have the same meaning and effect as stated in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action.

3. The Court, solely for the purposes of Settlement, finds that Plaintiffs adequately represent Power Integrations and Current Power Stockholders.

4. Pursuant to Fed.R.Civ. P. 23.1, and for the purposes of Settlement only, the Court further finds that the Action was properly initiated as a stockholder derivative action for and on behalf of Power Integrations.

5. The Court finds that Notice was provided in accord with the Preliminary Order, and that said notice <u>was reasonable and constituted the most practicable notice under the circumstances, constituted valid, due and sufficient notice to all Current Power Stockholders, and complied fully with the requirements of due process, the Constitution of the United States, and any other applicable law.</u>

6. This Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and the Parties are hereby directed to perform the terms of said Settlement. This Court further finds that the Settlement has been entered into and made in good faith, and that Plaintiffs' Counsel has fairly and adequately represented the interests of Power Integrations and Current Power Stockholders in connection with the prosecution and Settlement of the Action.

7. This Court hereby dismisses the Action against the Defendants with prejudice and without costs to Defendants, except as otherwise provided below. The Court further orders that the parties in the action captioned *In re Power Integrations, Inc. Deriv. Litig.*, Case No. 1:06CV064517 seek dismissal of that action in accord with the Stipulation.

1.1 Upon the Effective Date hereof, the Company, Plaintiffs, Plaintiffs' Counsel, and all Current Power Stockholders, together with their legal representatives, agents, heirs, successors in interest, transferees, and assigns, shall be deemed to have and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Defendants and their Related Persons from all claims (including unknown claims) identified in Paragraph 11.1 of the Stipulation. Upon the Effective Date hereof, Plaintiffs, and all other Current Power Stockholders, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any of the claims released pursuant to Paragraph 11.1 of the Stipulation, either directly, representatively,

derivatively, or in any other capacity, against any of the Defendants. Upon the Effective Date, each of the Individual Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel, and Power and their Related Persons from all claims (including unknown claims) identified in Paragraph 11.2 of the Stipulation.

7. The Court hereby approves the Fees and Expenses. Power Integrations and/or its insurers are directed to pay to Plaintiffs' Counsel the Fees and Expenses award in accordance with the terms of the Stipulation. The Individual Defendants shall not be liable to pay the Fees and Expenses award, or any other payment in connection with this Settlement.

8. During the course of the litigation of the Actions, all Parties and their counsel acted in good faith, and complied with Rule 11 of the Federal Rules of Civil Procedure and comparable state law and rules of professional responsibility.

9. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any claim released through this Order and the Stipulation, or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Parties for purpose of the claims released through this Order and the Stipulation or for any other purpose; (b) an admission or concession by Plaintiffs or any Power Integrations' shareholder of any infirmity in the claims asserted in the Complaint; or (c) an admission of, or evidence of, any fault or omission of any of the Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any Party released through this Order or the Stipulation may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement; and (b) all Parties hereto for the sole purpose of construing, enforcing, and administering the Stipulation.

11. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

12. There is no reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: __July 18__, 2008



_____
THE HONORABLE MARILYN H. PATEL
UNITED STATES DISTRICT JUDGE